UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL A. BRUZZONE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 24-cv-01318 (APM) |
| NORTHERN DISTRICT OF CALIFORNIA, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff-Relator Michael Bruzzone ("Relator"), proceeding pro se, filed this False Claims Act ("FCA") action on May 6, 2024. *See* Compl., ECF No. 1. This action is one in a series of civil suits filed by Relator against, in some combination, Intel Corporation and its employees; Assistant United States Attorneys; U.S. Department of Justice employees; Northern District of California employees; and federal district and appellate judges in the Ninth Circuit. *See* Compl. at 5–6; United States' Notice of Intervention and Mot. to Dismiss, ECF Nos. 6 and 7 [hereinafter Gov't's Mot.], at 1–2 n.1 (referencing 24 previously-filed lawsuits). Though Relator's Complaint is not the model of clarity, it seems that he alleges that Intel and federal employees are engaged in a reverse false claims scheme related to "computer procurement price fix overcharges." Compl. at 12–13. He also alleges that the actors are retaliating against him with malicious prosecutions. *See id.* at 14. On July 22, 2024, the United States intervened in the action under 31 U.S.C. § 3730(b)(4)(A) and moved to dismiss the suit pursuant to 31 U.S.C. § 3730(c)(2)(A). *See generally* Gov't's Mot. Relator opposed. *See* Pl.'s Objection to Qui Tam Dismissal, ECF No. 9 [hereinafter Pl.'s Opp'n].

The FCA provides that "[t]he Government may dismiss [an FCA] action notwithstanding the objections of the person initiating the action," *e.g.,* the relator, "if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A). In *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419 (2023), the Supreme Court clarified that (1) the Government can move to dismiss a qui tam action over the relator's objection so long as it intervened at some point during the litigation; and (2) in addressing such a motion to dismiss, district courts should look to the standards governing voluntary dismissal of suits under Federal Rule of Civil Procedure 41(a), *see id.* at 424  Rule 41(a)'s standard "varies with the case's procedural posture"—"[i]f the defendant has not yet served an answer or summary-judgment motion, the [movant] need only file a notice of dismissal." *Id.* at 435. In cases where pre-answer dismissal is sought, "Rule 41 entitles the movant to a dismissal; the district court has no adjudicatory role." *Id.* at 436 n. 4.

The court has carefully considered the parties' papers and determines that dismissal is warranted here. Primarily, the Government is entitled to dismissal because Relator is proceeding pro se. The D.C. Circuit recently affirmed dismissal in such a case, reasoning that "[b]ecause a False Claims Act relator pursues the government's claims rather than the relator's own claims," a relator cannot proceed pro se. *United States ex rel. Feliciano v. Ardoin*, --- F. 4th ---, 2025 WL 376925, at *1 (D.C. Cir. Feb. 4, 2025). Under this authority, Relator's pro se status is alone enough to warrant dismissal.[1]

---

[1] As to § 3730(c)(2)(A)'s hearing requirement, the court believes it is sufficient to proceed solely on the papers in this case, as no argument by Plaintiff could alter his incapacity to serve as a relator. *See United States ex rel. Doe v. Credit Suisse AG*, 117 F.4th 155, 161 (4th Cir. 2024) (stating that the "hearing requirement of Section 3730(c)(2)(A) can be satisfied with procedures short of a formal evidentiary hearing in a courtroom"). Further, the court recognizes that Relator makes passing reference to appointment of counsel, Pl.'s Opp'n at 23, 40, but there is no basis for such appointment given the fantastical nature of his claims.

2

But even further, the Government has properly shown that it undertook the appropriate cost-benefit analysis here. *See Polansky*, 599 U.S. at 438 (finding that Government is entitled to its own "reasonable view[s] of the suit's costs and benefits"). The Government found that (1) Relator is asserting claims against federal employees and judicial officials who are immune from suit at common law and under substantive FCA provisions; (2) Relator's multitudinous previous lawsuits regarding these claims have issue and claim preclusive effect; and (3) litigating this suit would necessarily impose significant costs, including discovery of the Department of Justice and its decisionmaking process. *See* Gov't's Mot. at 4–6. Given the pre-answer posture of this case, and Relator's shaky arguments to the contrary, this is enough to carry the Government's burden. *See Polansky*, 599 U.S. at 438 ("If the Government offers a reasonable argument for why the burdens of continued litigation outweigh its benefits, the court should grant the motion [to dismiss]. And that is so even if relator presents a credible assessment to the contrary.").

Accordingly, the United States' Motion to Dismiss, ECF No. 7, is granted. This suit is hereby dismissed with prejudice to Relator and without prejudice to the United States. A final, appealable order accompanies this opinion.

Dated: February 14, 2025

Amit P. Mehta
United States District Court Judge